IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 08-01890 |
| LUIS SOTO RIOS; BRENDA TOSADO ARBELO D/B/A FERRETEROS SOTO; FERRETEROS SOTO INC.; FERRETERIA SOTO INC. | : : : | CHAPTER 11 |
| Debtors | : | |
| LUIS SOTO RIOS; BRENDA TOSADO ARBELO D/B/A FERRETEROS SOTO; FERRETEROS SOTO INC.; FERRETERIA SOTO INC. | : : : : | ADVERSARY NO. 09-00049 |
| Plaintiffs | : | |
| vs. | : | |
| FIRSTBANK OF PUERTO RICO | : | |
| Defendant | : | |

OPINION AND ORDER

This adversary proceeding is before the court upon the motion for summary judgment filed on August 28, 2009 by Luis Soto Ríos and Brenda Tosado Arbelo (hereinafter referred to as "Debtors" or "Plaintiffs") (Docket No. 17). Plaintiffs argue the following: (i) that in conformity with the Mortgage Law of the Commonwealth of Puerto Rico and the Puerto Rico Civil Code, unrecorded mortgage liens at the time of the filing of the bankruptcy petition are not valid against a bona fide purchaser of real property of the debtor, and thus the same may be set aside and avoided under the "strong arm powers" pursuant to 11 U.S.C. §544(a) of the Bankruptcy Code; (ii) pursuant to 11 U.S.C. §547(b) the unrecorded mortgage liens are voidable as a preferential transfer since they were not perfected at the time of the filing of the bankruptcy petition; and (iii) the Registrar of the Property of Puerto Rico was stayed under 11 U.S.C. §362(a) of the Bankruptcy Code from recording FirstBank's three (3) mortgage liens post-petition. FirstBank of Puerto Rico on August 30, 2009 filed an opposition to Plaintiffs' motion for summary judgment and cross motion for summary judgment

(Docket No. 19) in essence arguing that Section 362(b)(3) of the Bankruptcy Code creates an exception to the automatic stay for "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under Section 546(b)" of the Bankruptcy Code, thus allowing for the post-petition perfection of mortgage liens or the maintenance or continuation of perfection of an interest in property.  For the reasons set forth below Plaintiffs' motion for summary judgment is denied and FirstBank of Puerto Rico's cross motion for summary judgment is granted.

Facts and Procedural Background

Plaintiffs filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on March 29, 2008.  The 341 meeting of creditors was scheduled for May 5, 2008 (Docket No. 5 in lead case[1]) and was subsequently continued on May 16, 2008, (Docket No. 12 in lead case) May 30, 2008 (Docket No. 16 in lead case) and finalized on June 23, 2008 (Docket No. 24). Plaintiffs included in their Schedule D- Creditors Holding Secured Claims, two (2) mortgage notes each in the amount of $50,000.00 which were executed in favor of FirstBank of Puerto Rico on June 30, 2005 and December 13, 2006 (Docket Nos. 1 &13).  Plaintiffs did not include in their Schedule D- Creditors Holding Secured Claims nor in Schedule F-Creditors Holding Unsecured Non-Priority Claims, the mortgage note executed in favor of FirstBank of Puerto Rico in the amount of $210,000.00 which was executed on February 20, 2007 (Docket Nos. 1, 13 & 22 in lead case). On June 16, 2008,  FirstBank of Puerto Rico (hereinafter referred to as "Defendant" or "Creditor") filed three (3) secured proof of claims. Proof of claim number 30-2 in the amount of $51, 023.27, proof of claim number 31-1 in the amount of $218,928.31, and proof of claim number 32-1 in the amount of $97,332.13. All three (3) proof of claims in the Claims Register include as supporting documentation the mortgage notes and the corresponding mortgage deeds pertaining to the three (3) mortgage deeds which were unrecorded at the time of the filing of the bankruptcy petition.

On March 17, 2009, Plaintiffs filed the instant adversary proceeding alleging several causes

---

[1]References to the lead case are to the entries and documents filed in the bankruptcy case, case number 08-01890 (ESL).

of action which include the following: (i) the proofs of claims must be disallowed in its entirety for failure to comply with Fed. R. Bankr. P. 3001(c) since no evidence was filed that proves the existence of a debt, namely there is no duly authorized pledge agreement; (ii) execution of the mortgage deeds in controversy constitutes a post-petition transfer that is avoidable pursuant to 11 U.S.C. §549 of the Bankruptcy Code; (iii) the "certificación registral" requested by Defendant has the effect of a request for the recordation of the mortgages and constituted an act to create a mortgage lien against property of the estate which is stayed pursuant to 11 U.S.C. §362 of the Bankruptcy Code; (iv) the mortgage deeds were not recorded at the time of the filing of the bankruptcy petition, meaning that perfection of the same may be avoided as a preferential transfer pursuant to 11 U.S.C. §547(b) of the Bankruptcy Code since the Defendant did not have a real estate interest on debtors' properties; (v) at the time of the filing of the bankruptcy petition, the mortgage liens had not been recorded and thus, pursuant to 11 U.S.C. §544 of the Bankruptcy Code, the debtor in possession may avoid these liens as a hypothetical judicial lien holder or a bonafide purchaser of real property; and (vi) if Defendant's liens (which are junior to a mortgage lien which was presented by Banco Popular de Puerto Rico for registration on August 30, 2005 in the amount of $304,000.00) are proven to be valid, pursuant to 11 U.S.C. §506 of the Bankruptcy Code the same are secured up to the amount of $121,000.00, given that the alleged value of the collateral is $425,000.00.

On May 17, 2009 Defendant answered the complaint (Docket No. 10). The court will not address Plaintiffs' sixth cause of action given that Defendant in its answer to the complaint admitted paragraphs #40-43, and paragraph #44 was admitted as to the unsecured creditors (Docket No. 10, p.7). Subsequently, on June 25, 2009 Defendant requested authorization to amend partially its answer to the complaint, particularly to include that since the mortgage notes in controversy were not made to the order of bearer there was no legal requirement for the issuance of pledge agreements. However, pledge agreements were executed for the three (3) mortgage notes in controversy and the same were included as Exhibits 1-3 to said motion (Docket No. 11). On September 31, 2009 a status conference was held in which Plaintiffs withdrew the cause of action regarding the pledge agreements since the same were filed by Defendant. Both parties agreed that all pending issues in this adversary proceeding are legal in nature and thus the parties were granted thirty (30) days to file motions for summary

judgment. The court noted that the issues in this proceeding were substantially similar to those in adversary proceeding 09-0063. Plaintiffs noted that the only difference between the adversary proceedings was that the Defendant in this particular proceeding requested a "certificación registral" which resulted in the recordation (registering) of the three (3) mortgage deeds (Docket No. 15).

On August 28, 2009, Plaintiffs filed a Motion for Summary Judgment and a Statement of Material Uncontested Facts (Docket Nos. 17 and 18). Plaintiffs' basis for its motion for summary judgment consists of the following legal arguments: (i) Section 544 of the Bankruptcy Code grants the trustee (or debtor in possession) with the rights of a judgment lien creditor and as such the same has priority over an unperfected security interest, which in this cases consists of the pre-petition unrecorded mortgage liens which can be set aside and avoided in conformity with this section; (ii) section 546(b)(1)(A) of the Bankruptcy Code is inapplicable in this case because at the time of the filing of the bankruptcy petition, Defendant's mortgage liens were not recorded by the Property Registrar, thus Defendant is devoid of a pre-petition property interest and has only a personal obligation against Plaintiffs; (iii) under the provisions of Section 547 of the Bankruptcy Code the unrecorded mortgage liens may be avoided as a preferential transfer since the same were not perfected at the time of the filing of the bankruptcy petition; and (iv) the Registrar of the Property pursuant to 11 U.S.C. §362 of the Bankruptcy Code is stayed from registering any mortgage liens and thus the Property Registrar's actions are *void ab initio*. (Docket No. 17).

Subsequently, on August 30, 2009, Defendant filed its opposition and cross motion to Plaintiffs' motion for summary judgment based on the following legal arguments: (i) the rights of the trustee pursuant to Section 544(a)(3) of the Bankruptcy Code are subject to the perfection or maintenance or continuation of perfection of an interest in property under the provisions of Section 546(b)(1) which permits the post-petition perfection of liens if, absent the bankruptcy filing and permitted by applicable law, the interest holder could have perfected the lien against a person acquiring rights before the date of perfection or maintenance or continuation of perfection; (ii) pursuant to Section 546(b) the rights and powers of the trustee (debtor in possession) are subject to state statute that provides for the perfection, or maintenance or continuation of perfection of the property interest under a relation back provision which has priority or superpriority over the interest

4

acquired by the party before the date of perfection or the date on which action is taken to effect the maintenance or continuation of perfection in the property; (iii) this court has recognized that mortgage deeds become effective from the date of their registration and that the registration date is deemed to be the date of presentation pursuant to the Mortgage Law of Puerto Rico, 30 L.P.R.A. §2251 et seq.; (iv) the registering of the mortgage deeds by the Property Registrar may not be avoided pursuant to 11 U.S.C. §549 of the Bankruptcy Code because Defendant presented the mortgage deeds before the filing of Plaintiffs' bankruptcy petition; and (v) the post-petition recordation of the mortgage liens is an exception to the automatic stay pursuant to Section 362(b)(3) of the Bankruptcy Code. (Docket No. 19). Said motion also included Defendant's statement of material uncontested facts (Docket No. 19). On September 30, 2009, Plaintiffs filed their reply to Defendant's opposition to the motion for summary judgment (Docket No. 20). The only additional element in Plaintiffs' reply was the following alleged fact: "[o]n or about May 27, 2009, Defendant knowingly of the fact of the filing of the petition requested a certification from the Registrar of Property, which had the effect of requesting the inscription and thus constituted an act to create a lien and thus a violation of the provisions of section 362 of the Bankruptcy Code (Docket No. 20, paragraph 2.10). Subsequently, on November 2, 2009, Defendant filed its Sur-Reply to Plaintiffs' Reply to Motion for Summary Judgment arguing the following: (i) the actions of the Property Registrar based upon FirstBank's request for a "certificación registral" are presumed to have been undertaken in good faith and conducted in a proper manner; (ii) Defendant's request and submission of the "certificación registral" is admissible as an exception to hearsay pursuant to Fed. R. Evid. 803(8)(A); and (iii) Plaintiffs' argument regarding the Property Registrar's issuance of the certification is academic because of the retroactive recordation or registration of the mortgage deeds authorized by law (Docket No. 21).

In a nutshell, the legal controversies in the instant case are whether Defendant's pre-petition unrecorded mortgage liens satisfy the necessary requirements under the exception to the automatic stay provided under Section 362(b)(3) of the Bankruptcy Code and whether under the provisions of Section 547 of the Bankruptcy Code the unrecorded mortgage liens may be avoided as a preferential transfer since the same were not perfected at the time of the filing of the bankruptcy petition.

*Standard for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright, Miller & Kane, Federal Practice and Procedure 3d§ 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

Uncontested Material Facts

1. Plaintiffs are the owners of the following real property:

A. Lot located in Barrio Capaez in the municipality of Hatillo, Puerto Rico, marked as number one (1) in the Registration Plan with a surface area of 583.3446 square meters that has a two-story reinforced concrete structure. This lot is segregated from property 16448 registered in Folio 215

7

of Tome 251 of Hatillo. [2]

2. On August 11, 2005, Plaintiffs executed Mortgage Deed #282 in favor of Banco Popular de Puerto Rico for the amount of $304,000.00 in Aguadilla, Puerto Rico before Notary Public Agustín F. Soto Hernández. Mortgage Deed #282 was presented for recordation (inscription) at the Puerto Rico Real Property Registry of Arecibo, Section II, on August 30, 2005 (Docket No. 19, Exhibit I).

3. On June 30, 2005, Plaintiffs executed a mortgage note in favor of Defendant for the principal amount of $50,000.00 and in guarantee of this note, Plaintiffs executed Mortgage Deed #334 in Aguadilla, Puerto Rico before Notary Public Edgardo L. Delgado Colón, on the same date (Docket No. 10, Docket No. 11, Exhibit 1). Mortgage Deed #334 was presented for recordation (inscription) at the Puerto Rico Real Property Registry of Arecibo, Section II, on September 2, 2005 (Docket No. 19, Exhibit I).

4. On December 13, 2006, Plaintiffs executed another mortgage note in favor of Defendant for the principal amount of $50,000.00 and in guarantee of this mortgage note, Plaintiffs executed Mortgage Deed #292, in Aguadilla, Puerto Rico before Notary Public Edgardo L. Delgado Colón, on the same date (Docket No. 10, Docket No. 11, Exhibit 2). Mortgage Deed #292 was presented for recordation (inscription) at the Puerto Rico Real Property Registry of Arecibo, Section II, on January 3, 2007 (Docket No. 19, Exhibit 1).

5. On February 20, 2007, Plaintiffs executed another mortgage in favor of Defendant for the principal amount of $210,000.00 and in guarantee of this mortgage note,  Plaintiffs executed

---

[2]"Rústica: Solar radicado en el Barrio Capaez del término municipal de Hatillo, Puerto Rico marcada en el plan de inscripción con el número uno (1) con una cabida superficial de quinientos ochenta y tres punto tres mil cuatrocientos cuarenta y seis (583.3446 m/c) metros cuadrado. En lindes NORTE en 12,50 metros con terrenos de Ana Bibina Rosa; Sur en 21.50 metros y un arco en calle a dedicarse a uso público, Este en 30.777 metros con franja de terreno rotulada "future ensanche"; Oeste en 30.9042 metros con solar número dos del plano de inscripción. Sobre este solar se ha construido un edificio de dos plantas el cual se describe así; la primera planta tiene una medida de sesenta y cuatro pies de frente por treinta y cinco punto nueve pies de fondo. La segunda plan[ta] tiene una medida de sesenta y cuatro pies de frente por treinta y tres punto tres pies de fondo. Dicha estructura esta construida en hormigón y bloques y su frente da hacia el Este, según su inscripción 4ta al folio 12 del tomo 255 de [H]atill[o].  Es segregación de la finca 16448 inscrita al folio 215 del tomo 251 de Hatillo." (Docket No. 18).

Mortgage Deed #44, in Aguadilla, Puerto Rico before Notary Public Edgardo L. Delgado Colón, on the same date (Docket No. 10, Docket No. 11, Exhibit 3). Mortgage Deed #44 was presented for recordation (inscription) at the Puerto Rico Real Property Registry of Arecibo, Section II, on March 13, 2007 (Docket No. 19, Exhibit 1).

6. The referenced mortgage deeds had not been recorded at the time of the filing of the bankruptcy petition, the same were pending recordation prior to the filing of the bankruptcy petition.

7. Defendant filed Proofs of Claims numbers 30-2, 31-1 and 32-1 claiming three (3) secured debts which amounted to $367, 283.71 with collateral valued at $425,000.00.

8. On May 27, 2008, Defendant requested a "certificación registral" from the Puerto Rico Property Registry and the same was issued on June 5, 2008 (Docket No. 19, Exhibits 2&3).

9. All referenced mortgage deeds, inclusive of the one in favor of Banco Popular de Puerto Rico, were recorded post-petition on June 3, 2009.

Applicable Law and Analysis

*Automatic Stay under 11 U.S.C. §362(a)*

The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives the debtor a "breathing spell" from creditors and it stops all collection efforts, all harassment, and all foreclosure actions. H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 340-342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97. "It allows the debtor to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into bankruptcy." Id. The automatic stay prohibits "any act to create, perfect, or enforce any lien against property of the estate." 11 U. S.C. §362(a)(4). Despite the fundamental importance of the automatic stay, Congress has allowed certain exceptions to the automatic stay, such as those included under Section 362(b) of the Bankruptcy Code. See 229 Main St. Ltd. Pshp. v. Mass. EPA (In re 229 Main St.), 262 F. 3d 1, 3-4 (1st Cir. 2001).

*Exception to Automatic Stay under 11 U.S.C. §362(b)(3)*

Section 362(b)(3) of the Bankruptcy Code provides an exception to the automatic stay, under subsection (a) of Section 362 of the Bankruptcy Code by allowing, "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers

are subject to such perfection under Section 546(b) of this title." 11 U.S.C. §362(b)(3).  To qualify for this particular exception, the trustee or debtor in possession[3] must satisfy the following three (3) requirements: (i) an act to perfect; (ii) an interest in property; and (3) under the circumstances in which the perfection-authorizing statute fits within the parameters of Section 546(b) of the Bankruptcy Code. In re 229 Main St., 262 F. 3d at 5. Thus, Section 362(b)(3) depends on the limitations imposed on the trustee's avoiding powers pursuant to Section 546(b) of the Bankruptcy Code.  The purpose behind Section 546(b)(1) is to "protect, in spite of the surprise intervention of a bankruptcy petition, those whom State law protects by allowing them to perfect their liens as of an effective date that is earlier than the date of perfection."  Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶546.03[1] (15th ed. 2009) quoting S. Rep. No. 989, 95th Cong., 2d Sess. 86-87 (1978), reprinted in App. Pt. 4(e)(I) infra; H.R. Rep. No. 595, 95th Cong., 1st Sess. 371-371 (1977) reprinted in App. Pt. 4(d)(i) infra.

Section 546(b)(1) exempts from the trustee's avoiding powers under Sections 544, 545 and 549 of the Bankruptcy Code "any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation." 11 U.S.C. §§546(b)(1)(A) & 546(b)(1)(B). "Thus, simply stated, if a creditor possesses a prepetition interest in property, and state law establishes a time period for perfection of a lien based upon that interest, the 'lien does not lose its preferred standing by reason of the fact that it [is] not perfected until after the commencement of a bankruptcy' so long as it is perfected within the time period established by state law." Lincoln Sav. Bank, FSB v. Suffolk County Treasurer (In re Parr Meadows Racing Ass'n), 880 F. 2d 1540, 1546 (2d Cir. 1989), *cert. denied*, 493 U.S. 1058, 110 S. Ct. 869, 107 L. Ed. 2d 953 (1990) (quoting Poly Industries, Inc. v. Mozley, 362 F. 2d 453, 457 (9th Cir. 1966)). A  creditor must satisfy the following requirements for

---

[3]11 U.S.C. §1107(a) provides that a bankruptcy debtor in possession stands in the shoes of a bankruptcy trustee, thus having basically all the same rights, powers, duties and functions.11 U.S.C. §1107(a).

Section 546(b)(1) to be applicable: (i) it must act pursuant to the law of general applicability[4]; (ii) the law must permit the creditor to perfect an interest in property; and (iii) such perfection must be effective against previously acquired rights in the property. In re 229 Main St., 262 F. 3d at 9. Moreover, the "gist of section 546(b)(1)(A) is that 'the filing of a bankruptcy petition does not prevent the holder of an interest in property from perfecting its interest if, absent the bankruptcy filing, the interest holder could have perfected its interest against an entity acquiring rights in the property before the date of perfection.'" In re 229 Main St., 262 F. 3d at 12 (quoting 5 Collier on Bankruptcy ¶546.03[2][a]).

In the instant case, one of the requirements that must be satisfied under both Sections 362(b)(3) and 546(b)(1) is whether Creditor had a prepetition property interest in the aforementioned real estate property. Debtors' argue that Creditor did not have a property interest over the real estate property because the mortgage deeds of the same had not been recorded at the time of the bankruptcy filing, thus pursuant to the Mortgage Law of Puerto Rico, the mortgage liens had not been created. Creditor equates property interest with the creation of a lien, meaning that in order for there to exist a property interest there must be a lien. However, the United States Court of Appeals for the First Circuit in the case of In re 229 Main St. held that "the term 'interest in property' as used in section 362(b)(3) is broader than the term 'lien.'" In re 229 Main St. 262 F. 3d at 6. In the instant case, Creditor had a right to record various liens on one (1) of Debtors' real estate properties as result of three (3) mortgage notes and three (3) mortgage deeds which all had been executed well over a year prior to Debtors' filing of their bankruptcy petition. Creditor's prepetition property interest in the real estate property is based on taking all possible administrative steps (presenting the mortgage deeds to the corresponding Registrar of Properties well over one (1) year prior to Debtors' filing of their bankruptcy petition) in order for its property interest to be duly recorded by the Property Registrar so that their mortgage liens could become effective from the date the mortgage deeds were presented to the Property Registry pursuant to Article 53 of the Mortagage Law of Puerto Rico, 30 L.P.R.A.

---

[4] Usually the law of general applicability is state law but federal law may also apply. Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶546.03[2][c](15th ed. 2009).

11

§2256.

The second requirement for the exception of the automatic stay pursuant to Section 362(b)(3) of the Bankruptcy Code is "an act to perfect, or to maintain or continue the perfection, of an interest in property." The United States Court of Appeals for the First Circuit In re 229 Main St. held that, "section 362(b)(3) says that the filing of a bankruptcy petition does not automatically stay an act to perfect, the simultaneous postpetition creation and perfection of a lien may come within the pertinent exception to the automatic stay so long as the creditor holds a valid prepetition interest in the property." In re 229 Main St, 262 F. 3d at 9. In the instant case, pursuant to Article 53 of the Mortgage Law of Puerto Rico, 30 L.P.R.A. §2256, the mortgage liens were simultaneously constituted and perfected on the date the Property Registrar recorded the same. However, the constitution and perfection of the mortgage liens will relate back to the date the same were presented for recordation (registration) to the Property Registrar. Moreover, it is important to note that, "the process of inscription begins when the mortgage deed is presented and recorded in the daily book of presentations kept by the Registrar. This entry is recorded in the daily books, applying the principle of *prior tempore potior iure*." Doral Mortg. Corp. v. Segarra-Miranda, 412 B.R. 72, 74 (D.P.R. 2009). Furthermore, "... registered titles become effective for third parties from the date of recordation, the date of their presentation shall be the decisive moment for this recordation to become effective, because the effects of recordation in the Registry are retroactive to the specific date of presentation." Gasolinas de Puerto Rico Corporation v. Registrador, 155 D.P.R. 652, 675 (2001) citing II Ramón M. Roca Sastre, *Derecho Hipotecario: Fundamentos de la Publicidad Registral 5*, Barcelona, Ed. Bosch (8th ed. 1995); Luis R. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, pg. 188 (2000); Ponce Federal v. Registrador, 105 D.P.R. 486 (1976). Thus, Creditor's security interest in the real property will be considered constituted and perfected as of the date of the presentation of the three (3) mortgage deeds. It is important to note that, Article 52 of the Mortgage Law of Puerto Rico requires that deeds be recorded by the Property Registrar within sixty (60) days after the date of their presentation, except "for just cause that is duly justified and admitted by the Director." 30 L.P.R.A. §2255. However, this term is illusory, given the various types of situations that may fall under just causes pursuant to Article 66.2 of the Mortgage Law Regulations. Luis R. Rivera Rivera, *Derecho*

*Registral Inmobiliario Puertorriqueño*, pg. 181 (2002). In the majority of cases, three to five years elapse between the date of presentation and the date the Property Registrar qualifies the pertinent documentation. Id. at 182.

Under the Debtors' interpretation, mortgage deeds which had been duly presented to the Property Registry prepetition, but had not been recorded by the Property Registrar prior to the filing of the bankruptcy petition would never qualify for the automatic stay exemption and would in essence make ineffective a creditor's secured interest (through the mechanism of employing mortgage liens) because of the Property Registrar's backlog and delay in registering mortgage deeds. The result being that a creditor that loaned monies relying on a lien will experience its interest being transformed to an unsecured interest (personal obligation) by the filing of a bankruptcy petition prior to the date of the recordation of the mortgage lien.

The third requirement for the exception to the automatic stay to apply is that Creditor meets the requirements set forth in Section 546(b)(1) of the Bankruptcy Code, namely; (i) that the creditor must act pursuant to the law of general applicability; (ii) that law must allow the creditor to perfect an interest in property; and (iii) such perfection must be effective against previously acquired rights in the property. The first two (2) elements established pursuant to Section 546(b)(1) were previously discussed under the requirements of Section 362(b)(3) of the Bankruptcy Code. Both parties agree that the law of general applicability is the Mortgage Law and Regulations of Puerto Rico and that this law in particular, Article 53 of the same has a specific relation back provision which provides that perfection of the creditor's secured interest (interest in property) relate back to the date of presentation. 30 L.P.R.A. §2256. The third requirement is basically whether absent the bankruptcy filing, the creditor could have perfected its interest against an entity acquiring rights in the property before the date of perfection. This third requirement is intimately related to Mortgage Law of Puerto Rico's relation back provision, since any other liens or encumbrances presented or registered with a prior date to the filing of the bankruptcy petition but with a subsequent date to the dates the mortgage liens were presented would not take precedence over the mortgage liens based on the principle "*prior tempore potior iure.*"

Finally, the Property Registrar's post-petition recordation (registering) of the three (3)

13

mortgage deeds does not constitute a violation of the automatic stay nor is the Property Registrar stayed from recording post-petition such mortgage deeds, given that this court has found that Creditor has satisfied all the requirements pursuant to Sections 362(b)(3) and 546(b)(1) of the Bankruptcy Code, meaning that the Property Registrar's post-petition actions fall within the exception to the automatic stay pursuant to Section 362(b)(3) of the Bankruptcy Code.

*Avoidance Action under 11 U.S.C. §544(a)(1) & 544(a)(3)*

Sections 544(a)(1) and 544(a)(3) of the Bankruptcy Code provides in relevant part that:

"[t]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by– (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists [and has perfected such transfer]." 11 U.S.C. §§544(a)(1) & 544(a)(3).

The rights of a trustee under 11 U.S.C. §544 are determined by state law. <u>Abboud v. The Ground Round, Inc.</u>, 482 F. 3d 15, 20 (1st Cir. 2007) (holding Pennsylvania law determined the rights of a hypothetical lien creditor under 11 U.S.C. §544(a)(1)); <u>See</u> <u>In re Santos & Nieves, Inc.</u>, 814 F. 2d 57, 61 (1st Cir. 1987) citing <u>Carina Mercury, Inc. v. Agaravides</u>, 344 F. 2d 397 (1st Cir. 1965). Moreover, the extent of the trustee's rights as a judicial lien creditor or a bona fide purchaser of real property is dictated by the state law of the jurisdiction governing the property in question. Alan N. Resnick & Henry J. Sommer, 5 <u>Collier on Bankruptcy</u> ¶544.03[1] (15th ed. 2009). The purpose of the trustee's avoiding powers is simply "to foster the equal distribution of a debtor's assets among its general non-priority creditors." <u>Segarra v. Osario (In re Rubero)</u>, 2006 Bankr. Lexis 3912 (Bankr. D.P.R. 2006). However, the trustee's avoiding powers under Section 544(a) are subject to Section 546(b) of the Bankruptcy Code, which provides an important exception to the trustee's avoiding powers since the same are subject to "any generally applicable law that permits" relation back. Alan N. Resnick & Henry J. Sommer, 5 <u>Collier on Bankruptcy</u> ¶544.04 (15th ed. 2009). As discussed herein, this court concludes that Creditor satisfies the requirements under Section 546(b) of the Bankruptcy Code, thus falling within the exception to the trustee's avoiding powers pursuant to

Section 544(a) of the Bankruptcy Code.

*Preferential Transfers under 11 U.S.C. §547(b) & 547(e)(1)(A)*

Section 547(b) of the Bankruptcy Code allows the trustee to avoid, as a preference,

"any transfer of an interest of the debtor in property–(1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made–(A) on or within 90 days before the date of the filing of the petition; or (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and (5) that enables such creditor to receive more that such creditor would receive if–(A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title." 11 U.S.C. §547(b).

Moreover, "the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section." 11 U.S.C. §547(g).

Section 547(e)(1)(A) provides, "a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee." 11 U.S.C. §547(e)(1)(A). Moreover, Section 547(e)(3) establishes that, "a transfer is not made until the debtor has acquired rights in the property transferred." 11 U.S.C. §547(e)(3). Perfection as to real property depends entirely upon state law. <u>See</u> Alan N. Resnick & Henry J. Sommer, 5 <u>Collier on Bankruptcy</u> ¶547.06[1] (15th ed. 2009). As discussed herein, the applicable state law is Article 53 of the Mortgage Law of Puerto Rico, 30 L.P.R.A. §2256, which has a relation back mechanism that establishes that mortgage liens become effective against third parties from the date the mortgage deeds were presented to the Property Registry. It is important to note that, "the entry of presentation is constructive notice to all the world until the document is recorded." <u>Flores v. Arroyo</u>, 43 D.P.R. 282, 283 (1932). Thus, the transfers of the three (3) mortgages between Debtors and Creditor occurred well over a year from the date of the filing of the bankruptcy petition, meaning that in order for a bonafide purchaser to acquire an interest superior to Creditor's interest in this real estate property the same had to present to the Property Registrar for recordation a mortgage deed prior to the date in which Creditor presented its mortgage deeds.

Conclusion

For the reasons stated above, this court finds that the Mortgage Law of Puerto Rico satisfies the requirements of Sections 362(b)(3) and 546(b)(1) of the Bankruptcy Code, thus falling within the exception to the automatic stay and the exception to the trustee's avoiding powers under Section 544(a) of the Bankruptcy Code. This court also finds that the Property Registrar's post-petition recordation (registering) of the mortgage deeds falls within the exception of the automatic stay pursuant to Section 362(b)(3) of the Bankruptcy Code.  Lastly, this court concludes that Plaintiffs have failed to establish all the necessary elements of a preferential transfer under Section 547(b) and 547(e)(1)(A) of the Bankruptcy Code.

In view of the foregoing, Plaintiffs' motion for summary judgment is hereby DENIED and Defendant's cross motion for summary judgment is hereby GRANTED. Therefore, it is now ordered that the instant complaint be and it is hereby dismissed.

Judgment shall be entered accordingly.

In San Juan, Puerto Rico, this 7th day of April 2010.

_____
ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge